IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEMORIAN D. SCOTT,<br>TDCJ No. 01505863,<br><br>    Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 7:21-cv-086-M-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

In this case, Petitioner Demorian D. Scott, proceeding *pro se*, has filed a petitioner for relief under 28 U.S.C. § 2254 along with a motion for leave to proceed *in forma pauperis*. The undersigned was preliminarily assigned pursuant to 28 U.S.C. § 636(b) and Special Order No. 3. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

A.   NATURE OF THE CASE

This case is a new habeas corpus action.

B.   PARTIES

Demorian D. Scott is the petitioner. The respondent is Bobby Lumpkin, Director, TDCJ Correctional Institutions Division.

C.   LEGAL ANALYSIS

In response to a deficiency order, Scott has now filed a motion/application to proceed *in forma pauperis* under 28 U.S.C. § 1915 *et. seq.* along with a certificate of inmate trust account.

ECF No. 7.

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the petitioner "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.; see also* Misc. Order 13 at ¶ 9 (N.D. Tex. Feb. 1, 1977) (requiring habeas petitioner to pay filing fee if prison account and other resources exceed $50.00).

Petitioner's trust fund account statement shows a balance of $865.21 as of the date of its preparation, and the supporting monthly statements show a balance never below $174.75. ECF No. 7. Scott has not shown that he has any demands on his financial resources or that he will suffer undue financial hardship after payment of the $5.00 filing fee for this habeas action. The information in Petitioner's motion/application shows that he has sufficient resources available to pay the $5.00 filing fee applicable to a petition for writ of habeas corpus. Thus, after review and consideration of the motion/application to proceed *in forma pauperis*, the undersigned finds that the motion to proceed IFP should be denied.

## RECOMMENDATION

It is, therefore, **RECOMMENDED** that Chief United States District Judge Barbara M. G. Lynn **DENY** Petitioner's motion to proceed in forma pauperis.

It is further **RECOMMENDED** that Chief Judge Lynn inform Petitioner that his petition under 28 U.S.C. § 2254 will be subject to dismissal without further notice under Federal Rule of Civil Procedure 41(b) unless Petitioner pays to the clerk of Court the applicable filing fee of $5.00 within seven (7) days after entry of her order.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the Chief United States District Judge.

**SIGNED** on December 17, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3